**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TALLULAH GILLESPIE,

                              Petitioner,

              - v -                                      Civ. No. 9:12-CV-01276
                                                                   (NAM/RFT)

SABINA KAPLAN,

                              Respondent.

**APPEARANCES:**                              **OF COUNSEL:**

TALLULAH GILLESPIE
Petitioner, *Pro Se*
06-G-1084
Bedford Hills Correctional Facility
247 Harris Road
Bedford Hills, NY 10507

HON. ERIC T. SCHNEIDERMAN            ALYSON J. GILL, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

On July 27, 2012,[1] *pro se* Petitioner Tallulah Gillespie filed a Petition seeking a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. 2254, on the ground that she has uncovered "newly discovered evidence that proves [she] did not understand the nature of the charge" when she pled guilty to Manslaughter in the First Degree on August 24, 2006, in New York State, Broome County

---

[1] The Second Circuit has held that due to the unique difficulties faced by incarcerated *pro se* litigants, a prisoner's pleading is deemed to be properly filed at the time he or she hands the papers to the prison authorities for transmittal to the court. *Dory v. Ryan*, 999 F.2d 679, 681-82 (2d Cir. 1993), *modified on reh'g*, 25 F.3d 81 (2d Cir. 1994). It is presumed that a prisoner handed the pleading to the prison guard on the date he signed the complaint. *Shaw v. Superintendent Attica Corr. Fac.*, 2007 WL 951459, at *3 n.3 (N.D.N.Y. Mar. 28, 2007).

Court. Dkt. No. 1, Pet. at ¶ 12. In particular, Gillespie claims that she did not understand the intent element of her charge when she pled guilty. *Id.*

## I. BACKGROUND

### A. Petitioner's Crime

On November 23, 2005, Petitioner was indicted and charged with Murder in the Second Degree, Criminal Possession of a Weapon in the Second Degree, and Criminal Possession of a Weapon in the Third Degree. Dkt. No. 8-2, State Ex. B, Pet'r's App. Div. Br., dated June 7, 2007, at A5; *see also* Dkt. No. 8-8, State Ex. H, Cnty. Ct. Dec. & Order, dated May 20, 2011, at p. 1.

On August 24, 2006, Petitioner pled guilty to Manslaughter in the First Degree in full satisfaction of the charged counts. Dkt. No. 8-1, State Ex. A, Appearance Tr., dated Aug. 24, 2006, pp. 2 & 5. Prior to accepting Petitioner's guilty plea, the County Court Judge explained to Petitioner that she was "not required to plead guilty" and has "every right . . . to have a trial in front of a jury[.]" *Id.* at p. 3. In addition, the following exchange took place between the County Court Judge and Petitioner:

Court: The allegation against you is that on or about the 17th of October 2005 with intent to cause the death of another person, you caused the death of that person. And that was a Jason Washington. Do you admit that that happened?

**[Petitioner]:** Yes
**Court:** And that you engaged in a conduct and caused him his death, is that correct?
**[Petitioner]:** Yeah, yes.
**Court:** Are you pleading guilty today freely and voluntarily?
**[Petitioner]:** Yes
\*\*\*\*
**Court:** You consider yourself to be guilty of this crime as I've discussed these facts with you?
**[Petitioner]:** Yes.

| | |
|---|---|
| **Court:** | Has anyone promised you anything other than what we've discussed here in the courtroom today to get you to plead guilty? In other words, the promise to you is a 20 year determinate term with five years of post release supervision. No other promises have been made that I'm aware of. Has anyone promised you anything else other than that to get you to plead guilty? |
| **[Petitioner]:** | No. |
| **Court:** | And you've had enough time to talk this over with Mr. Blechman, your attorney? |
| **[Petitioner]:** | Yes. |
| | \*\*\*\* |
| **Court:** | And you're satisfied with the time Mr. Blechman took to discuss the case with you and the advice he's given you at this point in time? |
| **[Petitioner]:** | Yes. |

*Id.* at pp. 3-6.

Petitioner was subsequently sentenced, on October 13, 2006, to a determinate sentence of incarceration for twenty years with five years of post-release supervision. Dkt. No. 8-1, State Ex. A, Sentence Tr., dated Oct. 13, 2006, at p. 3.

### B. State Court Review

On June 7, 2007, Petitioner's Appellate Counsel filed an Appellate Brief with the Appellate Division, Third Department. State Ex. B, Pet'r's App. Div. Br. Therein, Appellate Counsel argued that 1) the Petitioner did not waive the right to appeal the severity of the sentence and 2) that the sentence imposed was harsh and excessive. *Id.* at p. 2.

On November 8, 2007, the Third Department affirmed Petitioner's conviction. Dkt. No. 8-4, State Ex. D, App. Div. Mem. & Order, dated Nov. 8, 2007. The Third Department disagreed with Petitioner's contention that her sentence was harsh and excessive "[g]iven the brutal nature" of her crime, "along with the fact that [] at the time of the incident [Petitioner] was on parole for her prior conviction for attempted robbery in the second degree." *Id.*

Although Petitioner asserts that she sought leave to appeal from the New York Court of

Appeals, the Broome County District Attorney and the New York Court of Appeals "indicate that no such application was filed." Dkt. No. 6, Resp't Mem. of Law, at p. 4, n.2.

On February 28, 2011, Petitioner filed a *pro se* motion in Broome County Court, pursuant to N.Y. CRIM. PROC. LAW § 440.30, seeking to vacate the judgment and set aside the sentence based on newly discovered evidence. Dkt. No. 8-5, State Ex. E, § 440.30 Mot., dated Feb. 28, 2011. The newly discovered evidence consisted of (1) an affidavit, written by Petitioner's mother, attesting that Petitioner was defending herself against a rape prior to shooting the victim, and (2) Petitioner's repressed memories that the "victim, Jason Washington, had pulled [her] pants down, exposed himself, and rubbed his erection against [her] naked skin . . .[and] that Mr. Washington had said, 'I'll kill you faggot' during the assault." Dkt. No. 8-5, State Ex. E, Pet'r's Aff. in Supp. of § 440.30 Mot., dated Feb. 10, 2011, at ¶¶ 7, 9 & 14. Based upon this newly discovered evidence, Petitioner argued that the County Court should vacate the judgment or set aside the sentence. In her reply to the State's opposition papers, Petitioner further argued that the newly discovered evidence also demonstrates that her guilty plea was not "knowing, voluntary, or intelligent because [she] did not have a truthful admission from [her] mother to consider and weigh before taking the plea." Dkt. No., 8-7, State Ex. G, Pet'r's Reply Lt., dated Mar. 7, 2011.

On May 20, 2011, the County Court Judge denied Petitioner's request to vacate the judgment or modify the conviction because the absence of a guilty verdict precluded such relief under N.Y. CRIM. PROC. LAW § 440.10(1)(g). *See generally* Dkt. No. 8-8, State Ex. H, Cnty. Ct. Dec. & Order, dated May 20, 2011, at pp. 2-3. The County Court Judge also held that Petitioner's information is not "newly discovered evidence" as it was "clearly known and in existence prior to the date she chose to plead guilty to Manslaughter in the First Degree." *Id.* at p. 4.

In and around July 2011, Plaintiff sought leave to appeal to the Appellate Division, Third Department. *See* Dkt. No. 8-9, State Ex. I, Resp't. Resp., dated July 26, 2011.[2] On August 9, 2011, the Third Department denied Petitioner permission to appeal the County Court's May 20, 2011 Decision and Order. Dkt. No. 8-9, State Ex. I, App. Div. Lt., dated Aug. 9, 2011.

Shortly thereafter, on August 30, 2011, Petitioner sought leave to appeal from the New York Court of Appeals, and therein argued that the newly discovered evidence "proves [that she] is factually innocent of the charges[.]" Dkt. No. 8-10, State Ex. J, Pet'r's Aff. in Supp. of Appl., dated Aug. 30, 2011, at ¶ 3. On November 2, 2011, the New York Court of Appeals dismissed Petitioner's application "because the order sought to be appealed from is not appealable under CPL 450.90(1)." Dkt. No. 8-10, State Ex. J, Ct. of Appeals Order, dated Nov. 2, 2011.

## II. DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), imposes a one year statute of limitations on state prisoners seeking a writ of *habeas corpus*, which begins to run from the date on which the judgment became final by either the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1). Specifically, the limitation period accrues from the latest of the following dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the

---

[2] Respondent has not provided a copy of Petitioner's application or appellate brief in which Petitioner sought leave to appeal to the Third Department from the County Court's May 20, 2011 Decision and Order. Respondent has also not provided an explanation for failing to provide the Court with said application.

> Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

Here, the Petition is untimely under 28 U.S.C. § 2244(d)(1)(A). Petitioner received the Third Department's Memorandum and Order affirming her conviction on November 8, 2007. Petitioner then had thirty days from the time that decision was entered to seek leave to appeal to the New York Court of Appeals. *See* N.Y. CRIM. PROC. LAW § 460.10. Having failed to avail herself of that avenue, Petitioner's conviction became final on December 8, 2007 – the date in which she could no longer seek leave to appeal from the New York Court of Appeals. *See Crawford v. Costello,* 27 F. App'x 57, at *1 (2d Cir. 2001) (noting that when an individual fails to seek leave to appeal to the New York Court of Appeals, his conviction becomes final thirty days after the Appellate Division issued its decision); *see also Velasquez v. Ercole*, 878 F. Supp. 2d 387, 396 (E.D.N.Y. 2012). Thus, the time for Gillespie to file her Petition for a Writ of *Habeas Corpus* in this Court expired one year later on December 8, 2008. The instant Petition, however was not brought until July 2012.

To the extent we construe Petitioner's claim in a light most favorably to her and find that she sought leave to appeal the severity of her sentence to the Court of Appeals, because such leave was allegedly denied in January 2008, *see* Pet. at ¶ 9(e), her claim would still be untimely. If the Court were to find that the Court of Appeals denied leave on the last date in January 2008, then her conviction would have become final ninety days later on April 30, 2008, and the statute of limitations would have expired one year later on April 30, 2009. Yet, the instant Petition was not brought until more than three years later. Notably, Petitioner's subsequent post-conviction motion, which she filed three years after the Third Department issued its decision, fails to statutorily toll the

one-year statute of limitations under 28 U.S.C. § 2244 because such motion was not pending prior to the expiration of the limitations period.³ *See Saunders v. Senkowski,* 587 F.3d 543, 548 (2d Cir. 2009). And equitable tolling does not excuse Petitioner's untimeliness as she does not argue nor does the record demonstrate that "extraordinary circumstances" prevented her from filing the Petition on time nor that she had "been pursing [her] rights diligently" throughout that period of time. *Id.* at 550; *see also Rivas v. Fisher,* 687 F.3d 514, 538 (2d Cir. 2012).

The Court also addresses whether the Petition is timely under section 2244(d)(1)(D), which states that the statute of limitations shall begin running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner posits that her mother's 2010 affidavit constitutes newly discovered evidence. *See* Pet.

Courts in the Second Circuit have held, in the context of "newly discovered evidence," that the limitations period begins running on "the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in [her] possession evidence to support [her] claim." *Howard v. Ercole*, 2007 WL 2406924, at *11 (N.D.N.Y. Aug. 21, 2007) (citing *Lucidore v. N.Y. State Div. of Parole*, 1999 WL 566362, at *5 (S.D.N.Y. Aug. 3, 1999), *aff'd*, 209 F.3d 107 (2d Cir. 2000)) (citations omitted).

Here, Gillespie's mother's 2010 affidavit does not constitute "newly discovered evidence." Petitioner alleges that her mother's affidavit serves to negate the intent element of her crime by explaining that the killing was done in self defense. Pet. at ¶ 12. According to the Petition,

---

³ Pursuant to the AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2).

Gillespie relayed to her mother details of her sexual assault, but that in a "drug-induced haze," her mother omitted certain details in her statement to the police, details she later recollected and provided in an affidavit. *Id.*, *see also* Pet., Ex. 3. Although her mother's affidavit may serve as further evidence, it does not constitute new evidence. The self defense claim is predicated upon facts that were evident to Petitioner prior to her guilty plea and could have been divulged to the court at anytime. Courts have found that absent a showing of good cause, assertions that evidence is newly discovered will be rejected where that evidence existed prior to the time that the petitioner's underlying conviction became final. *Adams v. Greiner*, 272 F. Supp. 2d 269, 274 (S.D.N.Y. 2003) (citing *United States v. Middlemiss*, 217 F.3d 112, 123 (2d Cir. 1973) (rejecting a claim of newly discovered evidence in the form of a witness affidavit executed post conviction because that witness' existence was known to the defendants prior to trial). Here, Petitioner was aware of all of the facts that she purports to constitute new evidence during the entire pendency of her case. Thus, Petitioner's assertion that her mother's 2010 affidavit constitutes new evidence is unfounded.

But even if the Court were to find that the affidavit constituted new evidence, the claim is still untimely presented to this Court. Petitioner states that her mother came to her in August of 2010 stating that she remembered the events of the crime and believed that Petitioner was the victim of an attempted sexual assault. *See* Pet., Ex. 4 at ¶¶ 11–12. Thus, even if this sudden recollection of events constituted new evidence under the AEDPA, the statute of limitations would have begun to run on the date that her mother told Gillespie what she remembered. Thus, the August disclosure is the date on which Gillespie would have been on notice of the facts to support her claim, and not the date on which the affidavit was sworn to and provided to Petitioner. Assuming the latest possible date in August that her mother could have disclosed her recollection to Petitioner – August

31, 2010 – the one-year statute of limitations would begin running on that date. Subsequently, 163 days lapsed from that date until the filing of the *pro se* motion on February 10, 2011. The time would have been tolled between the filing of the *pro se* motion and its denial of leave to appeal by the Court of Appeals on November 2, 2011. The statute of limitations would resume running on that date and the remaining 202 days would have expired on May 22, 2012. Yet, the Petition was not filed until July 28, 2012, making it sixty-six days late even when Petitioner is afforded every possible leniency under 28 U.S.C. § 2244(d)(1)(D). Petitioner does not argue that any "extraordinary circumstance" prevented her from timely filing the Petition. *See Dillon*, 642 F.3d at 362. Therefore, equitable tolling does not apply.

Thus, for all the foregoing reasons, the Court recommends **denying** the Petition as untimely.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED**; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should be issued with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file

written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: August 24, 2015
      Albany, New York

*/s/ Randolph F. Treece*
Randolph F. Treece
U.S. Magistrate Judge