UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
++++++++++++++++++++++++++++++++++++++++++++++++++

**TALLULAH GILLESPIE,**

                         **Petitioner,**

                **-v-**                        **9:12-CV-1276 (NAM/RFT)**

**SABINA KAPLAN,**

                          **Respondent.**

++++++++++++++++++++++++++++++++++++++++++++++++++

APPEARANCES:

Tallullah Gillespie
06-G-1084
Bedford Hills Correctional Facility
247 Harris Road
Bedford Hills, NY 10507
*Petitioner, pro se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Joanna R. Hershey, Esq., Assistant United States Attorney
120 Broadway
New York, New York 120271
Attorney for Respondent

**Hon. Norman A. Mordue, Senior District Judge:**

**MEMORANDUM-DECISION AND ORDER**

     Petitioner Tallullah Gillespie filed her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 27, 2012. (Dkt. No. 1). In this petition, she argued that an affidavit drafted by her mother on December 27, 2010[1] constitutes newly discovered evidence which negates the element of intent, proving that petitioner did not understand the nature of the charge against her when she pled guilty and would not have done so if she had this information. In a Report-Recommendation and Order dated August 24, 2015, United States Magistrate Judge Randolph F. Treece recommended that the Court deny the petition and decline to issue a certificate of

---

[1] Her mother told petitioner the information contained in this affidavit in August 2010.

appealability finding that the petition was untimely. (Dkt. No. 13). Judge Treece found that, even considered in the light most favorable to petitioner, under 28 U.S.C. § 2244(d)(1)(A), the petition was brought more than three years after the statute of limitations expired. (Dkt. No. 13 at 6). Judge Treece also considered whether the evidence described by plaintiff could be considered newly discovered evidence such that the limitations period in 2244(d)(1)(D) would apply, but determined that the evidence was not newly discovered as petitioner was aware of the facts upon which the affidavit was based prior to her guilty plea. (*See* Dkt. No. 13 at 8).

Petitioner objects to this Report-Recommendation and Order. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. The Court has reviewed the record, and finds that Judge Treece accurately recounted the facts and procedural history of the case and employed the proper legal standards when analyzing the timeliness of the petition. The court notes that there is nothing in petitioner's objection to suggest that the evidence is indeed "newly discovered" such that the limitations period in 28 U.S.C. § 2244(d)(1)(D) would apply, and that in any event, the petition was not timely. To the extent petitioner's claim in her objection that the "law library clerks" did not instruct her properly as to the limitations period after she received her mother's affidavit could be read to suggest that equitable tolling should apply, the Court disagrees. As an initial matter, the evidence is not "newly discovered," and therefore, the period of time that would need to be tolled was years before she received this alleged mistaken information from the law library clerks–when the judgment became final by the conclusion of direct review or the expiration of time for seeking such review. Moreover, courts have held that reliance on a jailhouse lawyer, or even on the mistaken advice of a licensed attorney, does not qualify as an extraordinary

-2-

circumstance warranting equitable tolling. *See, e.g., Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000) (pro se status does not merit equitable tolling); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (stating that attorney error alone is "inadequate to create the 'extraordinary' circumstances equitable tolling requires").

Consequently, upon *de novo* review, the Court accepts and adopts the Report-Recommendation in its entirety. A certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Since petitioner has failed to make such a showing herein, the Court declines to issue any certificate of appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998).

It is therefore

ORDERED that the Order and Report-Recommendation (Dkt. No. 13) is accepted and adopted in its entirety; and it is further

ORDERED that the Petition (Dkt. No. 1) is DENIED in its entirety and DISMISSED; and it is further

ORDERED that no certificate of appealability shall be issued; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date: September 30, 2015

Norman A. Mordue
Senior U.S. District Judge